## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIAM D. DEBARDELABEN, III,

      Plaintiff,             Civil No. 2:23-CV-12507
                                HON. SEAN F. COX
                                CHIEF UNITED STATES DISTRICT JUDGE

v.

JPAY, INC.,

      Defendant,

_____/

### OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT

William D. DeBardelaben, III, ("Plaintiff"), incarcerated at the Parnall Correctional Facility in Jackson, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is dismissed with prejudice, because plaintiff fails to state a claim upon which relief can be granted.

### I. STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte*

dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. COMPLAINT

Plaintiff was a juvenile offender who was tried and convicted as an adult of first-degree murder and had originally been sentenced to life without parole but was resentenced, on August 9, 2022, to 33 to 60 years in prison.

Plaintiff alleges that the defendant contracts with the Michigan Department of Corrections to provide telephone and telecommunications services to inmates. Plaintiff claims that on September 29, 2022, he transferred $ 4.99 into his JPAY account, giving him $5.00 in the account to pay for 20 e-messaging stamps. That same date, Plaintiff attempted to purchase e-messaging stamps but was told that he did not have sufficient funds to cover the purchase of the stamps. Plaintiff has sent numerous messages to various representatives of JPAY to resolve the issue by letting them know he has adequate funds in his JPAY account to purchase the stamps. Plaintiff has repeatedly been told by these representatives that his account balance is at zero. Plaintiff has sought help from Michigan Department of Corrections' officials, to no avail. Plaintiff claims that the defendant is wrongfully retaining the $5.00 that he had in his account to purchase e-messaging stamps. Plaintiff seeks monetary relief.

### III. DISCUSSION

Plaintiff's claims must be dismissed for several reasons.

First, JPAY, Inc. is a private business. Plaintiff cannot maintain a § 1983 action against the defendant because it was not acting under color of state law when it agreed to provide telephone services to Plaintiff.

In order to act under the color of state law, a defendant in a § 1983 action must have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). "A private business does not act under color of state law, and thus is not a 'state actor,' unless its conduct is 'fairly attributable to the state.'" *Brite Fin. Servs., LLC v. Bobby's Towing Serv., LLC*, 461 F. Supp. 3d 549, 563 (E.D. Mich. 2020)(citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

JPAY, Inc. is a private business. A private telecommunications company that provides telephone services for inmates is not a state actor for purposes of § 1983. *See Evans v. Skolnik*, 637 F. App'x 285, 287 (9th Cir. 2015). The fact that JPAY, Inc. contracts with the Michigan Department of Corrections to provide telephone services to inmates does not make it a state actor, for purposes of § 1983. *See Chico–Polo v. Embarq Payphone Servs., Inc.,* No. 11–1427, at * 3 (6th Cir. Mar. 15, 2012)(fact that defendant, Embarq Payphone Services, Inc., contracted with the state for delivery of telephone services to prisoners did not make it a state actor for purposes of § 1983) (*citing Iswed v. Caruso*, No. 1:08–cv–1118, 2009 WL 4251076, at *3 (W.D. Mich. Nov. 24, 2009)); *Pierce v. Kalamazoo Cty. Jail*, No. 1:14-CV-684, 2014 WL 5599693, at * 2 (W.D. Mich. Nov. 3, 2014)("the provision of telephone services to inmates in a county jail, and then charging for them pursuant to its contract with the county, does not transform [defendant telephone company] into a state actor for purposes of § 1983."); *see also Butz v. Clayton*, No. 2:15-CV-12233, 2016 WL 3022704, at * 5 (E.D. Mich. Apr. 25, 2016)(Leitman, J. adopting report and recommendation of Patti, MJ)(following *Pierce* and *Iswed* to dismiss claims against Securus Technologies as a non-state actor); *see also Dubarry v. Annucci*, No. 21-CV-5487 (KMK), 2022 WL 4485359, at * 12 (S.D.N.Y. Sept. 27, 2022)("JPay is comparable to an entity providing telephone services, and is thus not a state actor for purposes of § 1983 liability."); *But cf, Walen v. Embarq Payphone Servs. Inc*., No. 06-14201, 2009 WL 3012351, at *3-4 (E.D. Mich. Sept. 17, 2009)(O'Meara, J., adopting report and recommendation of Whalen, M.J.)(in a case where six conversations between the plaintiff and his attorney were erroneously recorded, the telephone company qualified as a state actor *where it provided the telephone monitoring system*)(emphasis added).   "Given the strong national trend towards not considering prison telephone service providers as state actors under Section 1983", this Court concludes that

JPAY, Inc. "is not a state actor based on the facts as pleaded." *Montgomery v. Securus Techs.*, No. 319CV00433GNSRSE, 2020 WL 3343000, at * 5 (W.D. Ky. June 18, 2020).

Secondly, assuming that JPAY, Inc.'s actions could be attributable to the State of Michigan, Plaintiff is still unable to bring a cause of action against the defendant for wrongfully retaining or converting his monetary funds.

An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533(1984); *Bass v. Robinson*, 167 F. 3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983). If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his or her state remedies, the case should be dismissed. *See Bass,* 167 F. 3d at 1050.

Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor does he even indicate that he has attempted to obtain relief from any court or tribunal in Michigan. "State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F. 3d 342, 349 (6th Cir. 1999). Because Plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, M.C.L.A. 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and M.C.L.A. 600.6401, the Michigan Court of Claims Act, which establishes a procedure to

compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F. 3d 476, 480 (6th Cir. 1995).

Because Michigan provides Plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of Plaintiff's money by JPAY, Inc. would not rise to the level of a violation of due process. *See Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001).

The complaint is dismissed for failing to state a claim upon which relief can be granted. Plaintiff's complaint lacks any arguable basis in the law, thus, this Court certifies that any appeal by him would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V. ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the court that any appeal taken by Plaintiff would not be done in good faith.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 30, 2023

I hereby certify that a copy of the foregoing document was served upon counsel and/or the parties of record on October 30, 2023, by electronic and/or ordinary mail.

s/J. McCoy
Case Manager